IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
MIAMI DIVISION

Case No.:

JORGE BEITER,

      Plaintiff,

vs.

JOSEPH DARRELL SULLIVAN dba
INTERSTATE BATTERIES OF MIAMI
AND THE FLORIDA KEYS and SECOND
GENERATION SULLIVAN'S INC. dba
INTERSTATE BATTERIES OF MIAMI
AND THE FLORIDA KEYS,

      Defendant.

_____/

### Complaint for Damages and Equitable Relief – Jury Trial Demanded

**Count I: Substantive USERRA Violation against Joseph Darrell Sullivan dba Interstate Batteries of Miami and the Florida Keys and Second Generation Sullivan's Inc. dba Interstate Batteries of Miami and the Florida Keys**

Plaintiff, Jorge Beiter, sues Joseph Darrell Sullivan dba Interstate Batteries of Miami and The Florida Keys (hereinafter "Defendant Sullivan" or "Sullivan") and Second Generation Sullivan's Inc. dba Interstate Batteries of Miami and The Florida Keys (hereinafter "Defendant 2GS" or "2GS") (collectively "Defendants") and alleges as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) and (4); and 38 U.S.C. § 4323(b)(3). It has authority to enter temporary and permanent injunctions pursuant to 38 U.S.C. § 4323(e).

2.     This action arose in the Southern District of Florida. Venue lies in the Miami division of the Southern District of Florida pursuant to 28 U.S.C. § 1391 and 38 U.S.C. § 4323(c)(2) because Defendants maintain and operate a place of business in Miami-Dade County.

**Parties**

3.     Plaintiff, Jorge Beiter, is a citizen of the United States and a resident of Palm Beach County, Florida, who is, and at all material times was:

    a.  a Specialist in the United States Army assigned to the 810th Military Police Company;

    b.  a person who applied for initial employment with a private entity; and

    c.  a person who "has taken an action to enforce a protection afforded any person under [USERRA]," as envisioned by 38 U.S.C. § 4311(b)(1), who "has exercised a right provided for in [USERRA]. § 4311(b)(4)."

4.     Interstate Batteries of Miami and the Florida Keys is a fictitious name owned collectively by Defendant Sullivan and Defendant 2GS.

5.     Defendant Sullivan is a citizen and resident of Palm Beach County, Florida that owns and operates a business with principal place of business at 12555 SW 130th ST, Miami, FL 33186 and is an employer pursuant to 38 U.S.C. § 4303(4)(a).

6.     Defendant 2GS is a Florida profit corporation whose principal place of business is at 12555 SW 130th ST, Miami, FL 33186, Florida located in Miami-Dade County and is an employer pursuant to 38 U.S.C. § 4303(4)(a).

**Conditions Precedent**

7.     All conditions precedent to bringing of this action have been satisfied, have been waived, or would be futile.

**General Allegations**

8.      In May 2021, Defendants posted a job opening for a Route Sales Representative at the 12555 Southwest 130th ST, Miami, FL 33186 location (hereinafter "job posting").

9.      The job posting stated that Defendants were "Urgently hiring" ten or more employees for full-time positions Monday through Friday with a salary of $55,000.00 to $65,000.00 per year, benefits (dental, health, life insurance, and employee discounts), and bonus and commission pay.

10.      On or about Wednesday, May 19, 2021, Spc. Beiter applied online for the Route Sales Representative position described above.

11.      The following day, Thursday, May 20, 2021, Angela Garcia, Defendant's employee, responded to Spc. Beiter and informed him that there was an opportunity within the company that would fit his past experience, had a brief FaceTime interview with him, and set him up for "trial day" the following day, Friday, May 21, 2021 at the 12555 Southwest 130th ST, Miami, FL 33186 location.

12.      As was acknowledged by Ms. Garcia, Spc. Beiter was qualified for the job due to his history in hospitality, security, the military, and maintaining his physical fitness due to his status in the reserves.

13.      During the trial day, Spc. Beiter was provided a uniform and gloves, rode along with Juan, Route Manager, and visited Defendants' accounts to fulfill battery orders.

14.      Defendants told Spc. Beiter that he would be put through a rigorous work-out to familiarize him with the physical demands of the Route Sales Representative position.

15.      Throughout the trial day, with little-to-no help from the Route Manager, Spc. Beiter lifted, carried, and relocated batteries from the truck to Defendants' accountholders.

16.     Spc. Beiter began the trial day at 6:15 a.m. and ended the day at approximately 5:30 p.m. At the end of the day, Spc. Beiter was given a $100.00 bill to compensate him for the day's work.

17.     After the training day, Ms. Garcia mentioned that the Route Manager had only positive things to say about Spc. Beiter and would like him to return for a final interview.

18.     During that conversation, Ms. Garcia collected Spc. Beiter's Social Security Number and a copy of his driver's license to conduct a background check, and Spc. Beiter was invited back for the Final Interview with the owner, Defendant Sullivan (also known as "Jody").

19.     During that same interaction, Ms. Garcia provided Spc. Beiter with a "word of advice;" she advised Spc. Beiter to "steer away" from talking about his military background because the Defendant Sullivan did not like reservists due to the mandatory scheduled training requirements.

20.     Spc. Beiter indicated that he would have to be forthright with Defendant Sullivan about the reservist requirements to have off one weekend per month and two weeks annually for mandatory training periods. Ms. Garcia told Spc. Beiter that his need for time off may not be an issue because the position would give him weekends off anyway.

21.     Spc. Beiter reported to the site for a final interview with Defendant Sullivan on May 24, 2021; however, Defendant Sullivan was not available at that time. As such, Spc. Beiter was invited back again the following day to participate the interview.

22.     May 25, 2021 at 2:00 p.m. Spc. Beiter returned to the site for his final interview with Defendant Sullivan.

23.     Upon arrival, Defendant Sullivan came out and invited Spc. Beiter to join him in his office. Additionally, he asked Spc. Beiter to talk about himself and his background. At that time, Spc. Beiter disclosed his prior work experience in hospitality, security, and the military.

24.     Defendant Sullivan abruptly asked Spc. Beiter if he was a reservist and if he would have to attend the mandatory two-week training.

25.     Spc. Beiter responded in the affirmative.

26.     Defendant Sullivan flaty responded that he really liked Spc. Beiter, but he cannot give an employee a two-week "vacation" in order to serve his military schedule.

27.     After Defendant Sullivan refused to offer Spc. Beiter the job because of his status in the reserves, Spc. Beiter shook Defendant Sullivan's hand and left the office respectfully.

28.     Spc. Beiter then approached Ms. Garcia and apprised her that he was denied the job because of his status in the reserves.

29.     Ms. Garcia responded, "I knew something bad was going to happen."

30.     The Uniform Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, et seq. ("USERRA"), provides, in relevant part that:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by anemployer on the basis of that membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a).

31.     USERRA further provides, in relevant part, that:

> An employer shall be considered to have engaged in actions prohibited … under subsection (a), if the person's … service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such … service, application for service, or obligation for service.

38 U.S.C. § 4311(c)(1).

32.     Spc. Beiter's requirement to go on active duty one weekend a month and for two weeks annual for training was a motivating factor for Defendants' failure to hire him.

33.     As a direct, natural, and proximate result of Defendants' actions, as more particularly alleged above, Spc. Beiter has suffered loss of wages and benefits.

34.     Defendants cannot prove that it would have taken the same actions against Spc. Beiter in the absence of his service on active duty one weekend a month and for two weeks annually for training, as required by 28 U.S.C. § 4311(c)(1).

35.     Defendants' denial to Spc. Beiter of employment and the benefits of employment has been willful so as to warrant an imposition of liquidated damages as provided by 38 U.S.C. § 4323(d)(1)(C).

36.     Defendants' actions in economically burdening Spc. Beiter's statutorily-protected federal right to serve in the uniformed services of the United States imposes an irreparable harm for which there is no adequate remedy at law, as is recognized by 38 U.S.C. § 4323(e).

37.     Spc. Beiter is entitled to recover his reasonable attorney fees, expert witness fees, and other litigation expenses pursuant to 38 U.S.C. § 4323(h).

WHEREFORE, Plaintiff, Spc. Beiter, prays that this Court will:

   a.   Grant Plaintiff a judgment against Defendant Sullivan for damages, including compensatory, liquidated and punitive damages;

   b.   Enjoin Defendant Sullivan from continuing to violate Plaintiff's statutorily protected rights and to make Plaintiff whole;

   c.   Grant Plaintiff his reasonable attorney's fees and litigation expenses; and

   d.   Grant Plaintiff such other and further relief as is appropriate.

WHEREFORE, Plaintiff, Spc. Beiter, prays that this Court will:

e. Grant Plaintiff a judgment against Defendant 2GS for damages, including compensatory, liquidated and punitive damages;

f. Enjoin Defendant 2GS from continuing to violate Plaintiff's statutorily protected rights and to make Plaintiff whole;

g. Grant Plaintiff his reasonable attorney's fees and litigation expenses; and

h. Grant Plaintiff such other and further relief as is appropriate.

**Jury Trial Demand**

Plaintiff demands trial by jury on all issues so triable.

Dated this 29th day of July, 2021.

Respectfully submitted,

Brenton Legal P.A.
*Counsel for Plaintiff*
1070 E. Indiantown Rd., Suite 400
Jupiter, FL 33477
Phone: 954-639-4644

By: */s/ Christopher A Fennell*
Christopher A Fennell
Florida Bar No. 113546
caf@brentonlegal.com
Ryan Brenton
Florida Bar No.: 107675
rcb@brentonlegal.com
Travis Beal
Florida Bar No.: 104890
tjb@brentonlegal.com